IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**BRITTANY MILLER**
P.O. Box 222
Sturgeon, PA 15082

  Plaintiff,

v.

**OPEKA AUTO REPAIR**
440 Valleybrook Road
McMurray, PA 15317

  Defendant

**JURY TRIAL DEMANDED**

CASE NO.  2:21-cv-1031

## CIVIL ACTION COMPLAINT

AND NOW Plaintiff, Brittany Miller, by and through her undersigned counsel, files this Complaint alleging that her rights, pursuant to the Civil Rights Act of 1964, the Americans with Disabilities Act, and applicable federal law have been violated and in support alleges the following:

### I. PARTIES

1. Plaintiff, Brittany Miller, hereinafter ("Plaintiff" or "Miller"), is an adult individual with a mailing address of P.O. Box 222, Sturgeon, PA 15082.

2. Defendant, Opeka Auto Repair, hereinafter ("Defendant") owns and operations a location at 440 Valleybrook Road, McMurray, PA 15317, where Plaintiff was employed.

3. At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### II. JURISDICTION

4. This action is instituted pursuant to the Civil Rights Act of 1964, the Americans with Disabilities Act, and applicable federal law.

5. This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

6. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims in this Judicial District.

7. Plaintiff exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A," a true and correct copy of the Dismissal and Notice of Rights to Sue issued by the EEOC).

### III.   FACTS

8. Plaintiff began her employment with Defendant in or around September 2017.

9. Plaintiff was hired as Customer Care Consultant at Defendant's McMurray location.

10. Plaintiff's direct supervisor at her time of hire was Laurie Moody.

11. In or around January 2019, Plaintiff was transferred to Defendant's Upper St. Clair location.

12. Plaintiff was transferred to help open the new location.

13. On top of her duties as Customer Care Consultant she was also given the added responsibilities of a temporary Mechanical Service Writer.

14. Her direct supervisor at the Upper St. Clair location was Estimator/Manager Albert Snyder.

15. Plaintiff was the only female employee at Defendant's Upper St. Clair location.

16. In or around March 2019, Plaintiff was transferred to Defendant's Canonsburg location.

17. At Canonsburg, Plaintiff was to continue as a Customer Care Consultant and train for the Estimator Course/Certification.

18. Plaintiff was to train with Estimator/Manager Ross Philips.

19. Plaintiff was the only female employee at Defendant's Canonsburg location.

20. In or around January 2019, Plaintiff requested a key for the Upper St. Clair location from General Manager William Mountain.

21. Plaintiff's duties included opening the office which she was unable to do without access to the office.

22. Mr. Mountain refused to give Plaintiff a key.

23. Mr. Mountain stated that "no woman in this company will ever be in the buildings alone."

24. In or around mid-August 2019, Plaintiff informed Mr. Mountain that she was pregnant.

25. Shortly after informing Mr. Mountain of her pregnancy, Defendant hired an additional estimator, Joey Dickey, who worked at Defendant's Canonsburg location.

26. Plaintiff was then instructed to make a document containing all her job responsibilities along with detailed descriptions on how to perform each task.

27. This document was to be given to Mr. Dickey, Mr. Philips, and Laurie Moody in Human Resources.

28. Shortly after, in or around mid-September 2019, Mr. Mountain informed Plaintiff she would no longer permitted to work mandatory overtime as had been required for the past two years.

29. No males lost the ability to receive overtime.

30. In or around late September 2019, Plaintiff requested Ms. Philips provide her with written guidelines and responsibilities of her position.

31. Mr. Phillips refused to provide Plaintiff with the requested information.

32. On or about October 8, 2019, Mr. Mountain, Ms. Moody, and Mr. Philips terminated Plaintiff's employment.

33. At no point did Defendant engage in the interactive process with Plaintiff regarding her disability or pregnancy.

34. Plaintiff was replaced by Mr. Dickey, a non-pregnant male.

## IV.    CAUSES OF ACTION

### COUNT I – EMPLOYMENT DISCRIMINATION
### (42 U.S.C.A. § 2000e-2(a))

34. Plaintiff incorporates paragraphs 1-33 as if fully set forth at length herein.

35. Defendant took adverse action against Plaintiff by terminating her employment.

36. Plaintiff's status as a pregnant and child bearing woman places her in a protected class.

37. Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to terminate her employment.

38. As such, Defendant's decision to terminate Plaintiff's employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

39. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

40. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

41. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorneys' fees and court costs.

## COUNT II--AMERICANS WITH DISABILITIES ACT
### (42 U.S.C.A. § 12101 et seq)

42. Plaintiff incorporates paragraphs 1-41 as if fully set forth at length herein.

43. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,, an employer may not discriminate against an employee based on a disability.

44. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

45. Defendant was Plaintiff's "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

46. At all times material hereto, Plaintiff had a qualified disability, as described above.

47. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

48. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

49. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

50. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys' fees and court costs.

### COUNT III—PREGNANCY DISCRIMINATION ACT
### (42 U.S.C.A. § 2000(e)(k) et seq)

51. Plaintiff incorporates paragraphs 1-50 as if fully set forth at length herein.

52. At all times material hereto, and pursuant to the Pregnancy Discrimination Act an employer may not discriminate against an employee on the basis of pregnancy, childbirth or other medical conditions.

53. At all times material hereto, Plaintiff was pregnant and subject to the aforementioned adverse actions, as described above.

54. Defendant's conduct in terminating and/or declining to promote Plaintiff is adverse action, and was taken as a result of her pregnancy and, as such, constitutes a violation of the Pregnancy Discrimination Act, 42 U.S.C. §2000(e)(k), et seq.

55. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

56. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

57.     Pursuant to the Pregnancy Discrimination Act, Plaintiff demands attorneys' fees and court costs.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, Brittany Miller demands judgement in her favor and against Defendant, Opeka Auto Repair, in an amount in excess of $150,000.00 together with:

A. Compensatory damages for: including, but not limited to: emotional distress, pain and suffering, personal injury damages, economic loss, lost wages and benefits, lost future earnings and lost future earning capacity;

B. Punitive damages;

C. Treble damages;

D. Attorney's fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

Date: <u>August 2, 2021</u>                    **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: *Mary LeMieux-Fillery*
Mary LeMieux-Fillery, Esq., PA ID No. 312785
1500 JFK Blvd., Suite 1240
Phhiladelphia, PA 19063
Telephone: 267-546-0132
Telefax: 215-944-6124
maryf@ericshore.com
*Attorneys for Plaintiff Brittany Miller*